THE CITY OF PLATTSMOUTH, PLAINTIFF IN ERROR, V. JOHN FITZGERALD, DEFENDANT IN ERROR.

Action on City Warrants.  One F. having certain warrants against the city of P., which were duly and legally issued, exchanged the same under the provisions of an ordinance of the city for its funding bonds, which were declared illegal because issued in excess of the limit fixed by law.  *Held,* in an action against the city, that he could recover the value of the warrants.

ERROR to the district court for Cass county.  Tried there before POUND, J.

*R. B. Windham* and *Webster & Gaylord,* for plaintiff in error.

The important question in this case is whether the purchaser of the bonds—the bonds having failed for want of validity—can maintain his action as upon an implied contract for the consideration paid therefor. For a full understanding of this question we must first see in what the invalidity of the bonds consists.  The petition discloses that these bonds were funding bonds and that they were adjudged null and void because the then existing bonded *indebtedness* of the city exceeded twenty per cent of the assessed value of the real estate of the city for the previous year.  The *charter* provides " that the bonded indebtedness shall not at any one time exceed twenty per cent of the value of the real estate of such city, according to the assessment of the preceding year."  This court, in *Wheeler v. City of Plattsmouth,* 7 Neb., 270, has determined that this provision is a limitation upon the power of cities of the second class to become indebted.

These funding bonds were null and void because they were issued in violation of the charter of the city, and in violation of a provision restraining its power to

28

become *indebted*, and this has much to do in determining the right of the plaintiff below to recover, and marks a distinguishing feature in a class of cases that might otherwise seem conflicting.   *McDonald v. Mayor*, · 68 N. Y., 23.   *McPherson v. Foster*, 43 Iowa, 69.   A man cannot shut his eyes to the want of authority in a city to contract, by bonds or otherwise, and when his contract has failed, sue the city on an implied contract.   *Wolcott v. Lawrence County*, 26 Mo., 272. *Brady v. Mayor of ̍ New York*, 20 N. Y., 312. . *Manning v. District Township*, 28 Iowa, 332.   *Taylor v. District Township*, 25 Iowa, 457.   *Otis v. Cullum*, 2 Otto, 447.   See also *Thomas v. City of Richmond*, 12 Wall., 349.ˈ

*Sam. M. Chapman* and *T. M. Marquett*, for defendant in error.

The case at bar is not parallel with the cases cited by counsel for plaintiff in error.   In each of those cases the court will notice that the question arises upon an express contract with the municipalities and corporations, where they relied upon implied powers to create indebtedness, and where the creditors attempt to sustain or enforce the contract, upon the plea that they are bona-fide holders of negotiable securities; and this always where the municipal or other corporation have been contracting an indebtedness prohibited by law. The distinction, we think, is easy of comprehension, and is clearly indicated by the authorities, when carefully examined.   There is no indebtedness contracted if both these parties are placed where they originally stood; and so in that class of cases, where money or property of an individual has been obtained through mistake or otherwise by a municipal corporation, the courts have very justly said it could be recovered back.

*Dill v. Wareham,* 1 Met., 438.    *Paul v. City of Kenosha,*
22 Wis., 266.    *Clark v. Saline County,* 9 Neb., 516.
The city of Plattsmouth has a valid floating debt, of
which Fitzgerald is the owner of a part; he has paid
a full consideration for the same.    The city cannot
pay her creditors, and proposes to fund her indebted-
ness, and thus obtain longer time and more favorable
terms.    The proposition is made to the creditor to ex-
change.    He accepts; he knows express provision is
made in the city charter for funding indebtedness.
There is no express contract to be enforced.    Fitzger-
ald is not attempting to enforce a contract that is *ultra
vires* in any sense in which that term is employed.
He is simply saying, " You obtained my property with-
out paying for it; now restore it, or pay for it!"    He
in no way induced the city to issue these bonds.    He
was in no way a party to the primary act of issuing
them; and to say that the ultra doctrine of *ultra vires*
should be enforced against him would, we think, be a
subversion of justice, and contrary to all authority.
Green's Ultra Vires, 614.    5 B. Mon., 129.    24 Wis.,
39.    1 Md. Ch., 407.    11 Humph., 1.    *Steam Co. v.
Weed,* 17 Barb., 378.    *Potter v. Bank,* 5 Hill, 490.
*Silver Lake Bank v. North,* 4 Johns. Ch., 370.    23 How.,
381.    2 Dillon, Mun. Corp., sec. 447, and cases cited.
16 Cal., 255.    33 Cal., 184.

MAXWELL, CH. J.

In the year 1878 the defendant herein commenced
an action against the plaintiff to recover upon certain
warrants of said city surrendered for certain funding
bonds which were afterward declared void.    The plain-
tiff in error demurred to the petition upon the ground
that the facts stated therein were not sufficient to con-
stitute a cause of action.    The demurrer was overruled,

and the plaintiff not desiring to plead further, judgment was entered against the city for the sum of $3650.00 and costs. The case is brought into this court by petition in error.

The petition, after setting forth the incorporation of the city, states "that on or about the 17th day of February, 1877, plaintiff was the owner of the following described city warrants or orders of the city of Plattsmouth (giving a particular description of each); that said warrants or orders were duly and legally issued by said city for the full value in the ordinary course of transacting its municipal affairs, and for legitimate municipal purposes, and were issued to the several persons and individuals named in each of said warrants in payment for services and materials had and received by said city of Plattsmouth from said several persons and individuals in carrying on the legitimate and ordinary affairs of said city, and that said services rendered and materials furnished by said individuals, and each of them, were received and accepted by said city, and kept, retained, and used by said city for municipal purposes, and that plaintiff paid full value for the same; that on the 1st day of August, 1877, said warrants and orders in the aggregate amounted to the sum of $3054.13; that on said day this plaintiff, at the request of the city council and authorities of said city, surrendered to said city and exchanged said orders or warrants and all of them, and received in lieu thereof from said city six certain bonds of said city of Plattsmouth, known and designated as 'Ten per cent funding bonds of said city to fund the outstanding debts of said city, then and thereafter to become due;' that said series of ten per cent funding bonds were authorized by ordinance duly passed by the common council of said city on the 14th day of June, 1873, in the amount of $25,000, and that each of said ten per cent

funding bonds so issued to this plaintiff called for the payment of the sum of $500, with interest from date at the rate of ten per cent per annum. A copy of the said bonds is attached to the petition, marked 'Exhibit A,' and made a part thereof."

The petition also alleges that in the year 1878 the supreme court declared said funding bonds to be null and void because in excess of the indebtedness which the city was authorized to incur; that thereafter, and before the commencement of the suit, the plaintiff demanded of said city a return of the warrants so surrendered for said bonds, but the authorities of the city refused to take any action in the premises or to make any provision for paying the same. It is also alleged that thirty-five of said orders, aggregating the sum of $1750, were issued in the year 1873 in payment of a Babcock fire engine, and were afterwards assigned to the plaintiff.

The principal defense relied on by the city is, that the bonds having failed for want of validity no action can be maintained to recover the consideration therefor. And in the discussion of that question great stress is laid upon the case of *Wheeler v. the City of Plattsmouth*, 7 Neb., 270. In that case the court held in effect that bonds issued in excess of the amount limited by law are without authority, and void. And we adhere to that decision, but it has no application to the case at bar. In this case the petition states that the warrants " were *duly* and *legally* issued by said city for the full value in the ordinary course of transacting its municipal affairs and for legitimate municipal purposes." This the demurrer admits. If, as is admitted in this case, the warrants in question were duly and legally issued for legitimate municipal purposes, they are a just and proper charge against the city. The warrants were not issued in excess of the limit fixed

by law, otherwise they could not have been legally issued. The cases cited by the plaintiff in error therefore are not in point. Those decisions are placed upon the illegality of the contracts. But here the demurrer admits that the original contract was valid and binding on the city. Does, therefore, the exchange of valid obligations against the city for bonds authorized by its ordinances, but void because issued in excess of the limit fixed by law, deprive the holder of the claim of all action therein? If so, upon what principle? The city obtained its own evidences of debt, which were valid and binding upon it, in exchange for evidences of debt issued by itself which were void, although at the time they were issued they were believed to be valid. The debt is still unpaid, and being valid in its inception and a just charge against the municipality, it is liable thereon. The judgment of the district court is clearly right and is affirmed, the defendant to deposit with the clerk of this court, for the use of this plaintiff, the bonds in question within sixty days from this date.

JUDGMENT ACCORDINGLY.